UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


DEFELICE LAND COMPANY, LLC                    CIVIL ACTION

v.                                            NO. 15-614

CONOCOPHILLIPS COMPANY, ET AL.                SECTION "F"


ORDER AND REASONS

Before the Court is the plaintiff's motion to remand. For the reasons that follow, the motion is GRANTED.

**Background**

This litigation involves claims by a Louisiana landowner that its property in Plaquemines Parish was destroyed by defendants' proximate oil and gas operations. Whether this case falls within the scope of this Court's limited subject matter jurisdiction is the sole issue presented.

This case raises identical issues as the many so-called "oil patch cases" originally filed by Jefferson and Plaquemines Parish in state court against various defendants for alleged violations of permits issued pursuant to the State and Local Coastal Resources Management Act of 1978, La. R.S. § 49:214.21, et seq. (SLCRMA).[1] Accordingly, the procedural history of those cases has some bearing

---

[1] SLCRMA regulates the use of the Coastal Zone of Louisiana through a permitting system.

here.  In 2013 Jefferson and Plaquemines Parishes filed 28 lawsuits in state court against various oil and gas exploration companies, the defendants removed the cases, and the Parish plaintiffs moved for remand.  This Court stayed proceedings until another Section of this Court resolved a motion to remand presenting substantially identical issues.

On December 1, 2014, Judge Zainey granted remand in a thorough order and reasons.  See Parish of Plaquemines v. Total Petrochemical & Refining USA, Inc., No. 13-6693, 2014 WL 6750649 (E.D. La. Dec. 1, 2014).  Judge Zainey found that the Court did not have jurisdiction based on diversity, the Outer Continental Shelf Lands Act, admiralty, or any federal question.  Other judges have reached the same result.  Relying on Judge Zainey's order and reasons, Judge Africk granted remand in the case before his section.  See Plaquemines Parish v. Rozel Operating Co., et al., No. 13-6722 (E.D. La. Jan. 29, 2015).  In March 2015, Judge Lemelle remanded his four cases for substantially the same reasons.  See, e.g., Jefferson Parish v. Anadarko E&P Onshore LLC, et al., No. 13-6701 (E.D. La. Mar. 9, 2015).  On April 29, 2015 this Court remanded its five cases, all of which were substantially similar with the exception of one case in which a defendant contended that the suit against it necessarily implicated the federal Natural Gas Act.  See, e.g., Plaquemines Parish v. Hilcorp Energy Company, No.

13-6727 (E.D. La. Apr. 29, 2015).[2]  On May 15, 2015, Judge Morgan remanded her Parish case.  See Plaquemines Parish v. Linder Oil Company, No. 13-6706 (E.D. La. May 15, 2015).  Chief Judge Vance then remanded her Parish case.  See Jefferson Parish v. Equitable Petroleum Corp., No. 13-6714 (E.D. La. May 18, 2015).  Judge Fallon then remanded his Parish cases.  See, e.g., Plaquemines Parish v. Palm Energy Offshore LLC, No. 13-6709 (E.D. La. May 26, 2015).

In addition to remanding his two Parish cases on May 12, 2015, see, e.g., Plaquemines Parish v. Devon Entergy Production Co. LP, No. 13-6716 (E.D. La. May 12, 2015), Judge Barbier also remanded three cases brought by individual, rather than Parish, plaintiffs. See Borne v. Chevron U.S.A. Holdings, Inc., No. 15-631 (E.D. La. May 27, 2015); Fasterling v. Hilcorp Energy Co., No. 15-629 (E.D. La. May 29, 2015); Bernstein v. Atlantic Richfield Co., No. 15-630 (E.D. La. May 29, 2015).  The Court assumes familiarity with the Eastern District of Louisiana case literature respecting the oil

---

[2] The Court noted at page 2 of its Order and Reasons:

> Here, the Parish asserts permit-violation claims relating to a different geographic area.  Although different areas and permits are involved, the cases are functionally indistinguishable.  It is enough to note that at least one defendant is a citizen of Louisiana; the conduct that allegedly violated the permits occurred within Plaquemines Parish and not on the outer continental shelf; and the Parish disclaims, at great length, any claims other than state-law permit violation claims.

patch cases, foremost the landowner cases.

The alleged facts of this case are substantially identical to those in the landowner cases remanded by Judge Barbier. Defelice Land Company, LLC owns property located within, adjacent to, and in the vicinity of the Lake Hermitage and Magnolia Oil & Gas Fields. Defelice alleges that certain of defendants' oil and gas exploration, production, and transportation operations associated with the development of this area not only substantially damaged its property and bodies of water in the Coastal Zone, but were conducted in violation of Louisiana's State and Local Coastal Resources Management Act of 1978 (SLCRMA).

Filing suit in state court in Plaquemines Parish on January 16, 2015, Defelice sued certain Parish Defendants[3] and Canal Defendants,[4] alleging five state law claims: negligence, strict liability, public nuisance, private nuisance, and breach of contract (based on third-party beneficiary theory). As to its

---

[3] Defelice named as Parish Defendants 17 oil and gas exploration and production companies: ConocoPhillips Company; Exxon Mobil Corporation; Freeport Sulphur Company; Great Southern Oil & Gas Company, Inc.; Chevron U.S.A. Inc.; Chevron Pipe Line Company; Linder Oil Company, a Partnership; Stone Energy Corporation; PCS Phosphate Company, Inc.; The Stone Petroleum Corporation; BEPCO, L.P.; Edwin L. Cox; The Louisiana Land and Exploration Company LLC; LLOG Exploration & Production Company, L.L.C.; Freeport-McMoran Oil & Gas LLC; Resources Investment Corporation; and Chevron U.S.A. Holdings Inc.

[4] Defelice named as Canal Defendants three oil and gas pipeline companies: OXY USA Inc.; Gulf South Pipeline Company, LP; and High Point Gas Transmission, LLC.

property damage claims, Defelice alleges that the Canal Defendants' and Parish Defendants' acts or omissions on and around Defelice's property drastically altered the hydrology of the area causing saltwater intrusion, vegetation die-off, sedimentation inhibition, erosion, and submergence, all leading to land loss, increased risk of land loss, and storm surge. Defelice also alleges that Louisiana's SLCRMA, along with the relevant state regulations, and coastal use permits issued by the Louisiana Department of Natural Resources govern, and that the defendants have violated those state laws, regulations, and permits.[5] Like other plaintiffs before it, Defelice seeks to recover damages, injunctive relief in the form of abatement and restoration of the coastal land loss, and costs, expenses, and attorney's fees.

On February 26, 2015 Chevron U.S.A., Inc., Chevron U.S.A. Holdings, Inc., and Chevron Pipeline Company removed the lawsuit, invoking this Court's subject matter jurisdiction based on three potential bases: federal question, admiralty and OCLSA jurisdiction. Defelice now moves for remand.

I.

"'Federal courts are courts of limited jurisdiction,'

---

[5] Defelice copies into its state court petition portions of the factual allegations from two lawsuits brought by Plaquemines Parish, in which the Parish alleged permit violations. See Plaquemines Parish v. Great Southern Oil & Gas Co., No. 13-6733 (E.D. La.)(Africk, J.)(case remanded) and Plaquemines Parish v. Campbell Energy, No. 13-6718 (E.D. La.)(Feldman, J.)(case remanded).

possessing 'only that power authorized by Constitution and
statute.'"  Gunn v. Minton, 133 S. Ct. 1059, 1064 (2013)(quoting
Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377
(1994)).  A defendant's right to remove is strictly statutory in
nature. See Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d
362, 366 (5th Cir. 1995); Syngenta Corp. Production, Inc. v.
Henson, 537 U.S. 28, 32 (2002) (citing Great N.R. Co. v. Alexander,
246 U.S. 276 U.S., 280 (1918) ("The right of removal is entirely a
creature of statute.")).  The general removal statute governing
civil actions provides:

> Except as otherwise expressly provided by Act
> of Congress, any civil action brought in a
> State court of which the district courts of
> the United States have original jurisdiction,
> may be removed by the defendant or the
> defendants.

28 U.S.C. § 1441(a) (emphasis added).  Thus, a defendant may remove
a state court action only if the action could have originally been
filed in federal court.  Aaron v. Nat'l Union Fire Ins. Co., 876
F.2d 1157, 1160 (5th Cir. 1989) (citing Caterpillar v. Williams,
482 U.S. 386, 391-92 (1987); 28 U.S.C. § 1441).  The propriety of
removal is thereby keyed to the original jurisdiction of the
federal district courts, and consideration of a motion to remand a
case removed from state court presents issues of subject matter
jurisdiction and statutory construction.  Carpenter, 44 F.3d at
365-66 (citing Garrett v. Commonwealth Mort. Corp. of Am., 938 F.2d
591, 593 (5th Cir. 1991)).  The removing party "bears the burden of

6

showing that federal jurisdiction exists and that removal was proper." Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392, 397 (5th Cir. 2013)(citing Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002)). In evaluating whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand." Manguno, 276 F.3d at 723 (citing Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000)).

## II.

The parties dispute three potential bases for removal jurisdiction: (1) federal question, (2) OCSLA, and (3) admiralty. None exist here, mandating remand.

### A.
#### Federal Question Jurisdiction

As did some defendants in other oil patch cases, the defendants here contend that the Court has federal question jurisdiction because certain claims alleged in the plaintiff's state court petition arise under federal law. The defendants have failed to carry their burden.

By the federal question statute, 28 U.S.C. § 1331, Congress confers on district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "Federal question jurisdiction exists when 'a

7

well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" <u>See</u> <u>Borden v. Allstate Ins. Co.</u>, 589 F.3d 168, 172 (5th Cir. 2009)(quoting <u>Franchise Tax Bd. V. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 27-28 (1983)).[6] Acknowledging that no federal question is presented on the face of Defelice's state court petition, the defendants contend that Defelice's right to relief falls into the "slim" category of cases giving rise to federal question jurisdiction, where the right to relief necessarily depends on resolution of a substantial question of federal law.

---

[6] The well-pleaded complaint rule directs courts to determine whether a case arises under federal law by examining "what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." <u>Franchise Tax Bd.</u>, 463 U.S. at 10 (citation omitted). Notably, when a plaintiff fails to affirmatively allege a federal claim, "anticipated or potential defenses, including defenses based on federal preemption, do not provide a basis for federal question jurisdiction." <u>New Orleans & Gulf Coast Ry. Co. v. Barrois</u>, 533 F.3d 321, 328 (5th Cir. 2008)(citing <u>PCI Transp., Inc. v. Fort Worth & Western R. Co.</u>, 418 F.3d 535, 543 (5th Cir. 2005)(emphasis added); <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 393 (1987)("[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption."). Conflict and field preemption, which this Circuit has collectively termed "defense preemption," do "not create federal jurisdiction and simply declare the primacy of federal law, regardless of the forum or the claim." <u>Elam v. Kansas City So. Ry. Co.</u>, 635 F.3d 796, 803 (5th Cir. 2011)(citing <u>Barrois</u>, 533 F.3d at 331)(internal citations omitted). Indeed, "[e]ven if a plaintiff has a federal cause of action, he 'may avoid federal jurisdiction by exclusive reliance on state law.'" <u>MSOF Corp. v. Exxon Corp.</u>, 295 F.3d 485, (5th Cir. 2002)(quoting <u>Caterpillar v. Williams</u>, 482 U.S. 386 (1987)).

Federal question jurisdiction lies over a state law claim only if a federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Gunn v. Minton, 133 S. Ct. 1059, 1065 (2013); Grable & Sons Mental Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308, 314 (2005)("the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."). The Supreme Court has identified only a "special and small category" of cases that fit all four requirements. See Gunn, 133 S. Ct. at 1064-65. This case is not one of them.

Defelice alleges only state law causes of action in its petition. Nowhere on the face of the petition does Defelice rely on federal law or regulations. Targeting Defelice's third party beneficiary breach of contract cause of action against the Canal Defendants,[7] the defendants contend that Defelice seeks to enforce federal dredging permits as a third-party beneficiary. Because (the defendants submit) the canals described in the petition were

---

[7] Defelice alleges that the Canal Defendants are liable under a breach of contract theory for permit violations relating to the dredging and maintenance of three specific canals described in paragraphs 41-43 of the petition.

dredged in 1950 and 1958, before SLCRMA was enacted in 1978, the dredging was authorized and governed only by federal permits issued by the U.S. Army Corps of Engineers, and no Louisiana coastal use permits governed their operation or were involved in authorizing their dredging.  But defendants' arguments do not alter the plain language of the plaintiff's complaint and certainly cannot contort the alleged state law contract cause of action to manufacture federal subject matter jurisdiction.  Not only does Defelice make no reference to any obligations arising from federal permits (rather, the obligations alleged are explicitly tied to state-issued permits), but the plaintiff insists that its claims are expressly governed by Louisiana code articles, statutes, regulations, and permits.  Moreover, the plaintiff disclaims any claims that arise under federal law.

Targeting Defelice's negligence claim, the defendants insist that questions of federal law are necessarily raised sufficient to meet Grable's test.  To prevail on the negligence claim, the defendants submit that the plaintiff must prove that defendants owed plaintiff a duty of care, which defendants breached.  And in order to establish the duty for claims arising before 1978 (the year the SLCRMA was enacted) the plaintiff must rely on federal laws and regulations to establish breach.  Like Judge Barbier when this contention was presented in his case, the Court is not persuaded that defendants have satisfied any, let alone all four,

of the Grable factors.

Defelice does not allege that the defendants breached a duty imposed by a purely federal regulatory scheme governing coastal activities prior to 1978.  Defelice alleges that the defendants violated "the standard of care as prescribed in the regulatory framework outlined above and, more particularly, the express and implied obligations and duties contained in the permit(s) identified in the Exhibits."  That framework "outlined above [in the state court petition]" was that of Louisiana's SCLRMA.  Relying on generalizations, the defendants have failed to identify any specific federal issues.  Insofar as they may be considered to have identified any latent federal issue,[8] the defendants wholly fail to identify a federal issue that is actually disputed, let alone one

---

[8]  That a Louisiana court might consider federal law for the standard of care (which Defelice submits is unnecessary), Defelice submits that this alone would not create jurisdiction. The Court agrees.  "Grable emphasized that it takes more than a federal element to open the 'arising under' door."  Empire Healthcare Assurance, Inc. v. McVeigh, 547 U.S. 677, 701 (2006). That narrow opening for state law claims which might permit exercise of federal jurisdiction cannot be stretched to accommodate Defelice's state law causes of action.  Defendants have no answer for MSOF Corp. v. Exxon Corp., 295 F.3d 485, 490 (5th Cir. 2002). There, the plaintiffs expressly relied on a violation of federal regulations as an alternative standard of recovery for their state law tort claims.  Nevertheless, the Fifth Circuit held that this "does not suffice to render the action one arising under federal law."  Id.  Here, Defelice does not even rely on federal regulations to supply the standard of care, but even if a state court looked to federal law for guidance on the duty issue, such would not suffice to supply a basis for federal jurisdiction.

that is substantial.[9]   As the proponents of jurisdiction, the defendants have not carried their burden.   Because none of Defelice's claims arise under federal law, this Court lacks federal question jurisdiction.

*B.*
*OCSLA Jurisdiction*

The defendants next argue that the Court has subject matter jurisdiction over Defelice's state law causes of action under OCSLA.   The pertinent provision, OCSLA § 23(b)(1), states:

> [T]he district courts of the United States shall have jurisdiction of cases and controversies arising out of, or in connection with . . . any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals . . . .

43 U.S.C. § 1349(b)(1).   This facially straightforward and broad grant of jurisdiction is not without limits.   District courts have jurisdiction under the OCSLA if "(1) the activities that caused the injury constituted an 'operation' conducted on the outer Continental Shelf that involved the exploration and production of minerals, and (2) the case 'arises out of, or in connection with' the operation."   In re DEEPWATER HORIZON, 745 F.3d 157, 163 (5th Cir. 2014); see also Barker v. Hercules Offshore, Inc., 713 F.3d 208, 213 (5th Cir. 2013)("To determine whether a cause of action

---

[9]   Because the defendants' argument fails as to one (or all three) of the first three Grable factors, the Court need not reach whether it can be resolved in federal court without disrupting the federal-state balance approved by Congress.

arises under OCSLA, the Fifth Circuit applies a but-for test, asking whether: (1) the facts underlying the complaint occurred on the proper situs; (2) the plaintiff's employment furthered mineral development on the OCS; and (3) the plaintiff's injury would not have occurred but for his employment.").

Here, the defendants' operations that allegedly caused the injuries fail to meet the first prong of the test: the defendants' alleged permit violations occurred in Plaquemines Parish, not the Outer Continental Shelf.  The defendants nevertheless argue that jurisdiction is proper because the plaintiff's allegations encompass infrastructure serving oil and gas production on the OCS, including pipelines that transport OCS oil and gas through Bohemia and Lake Hermitage operational areas and Defelice's property.  In advancing this argument, defendants submit that this Court erred in adopting Judge Zainey's ruling in Plaquemines Parish v. Total, No. 13-6693, 2014 WL 6750649 (E.D. La. Dec. 1, 2014).  Notably, every Section of this Court, including this one, that has considered the defendants' argument has rejected it.  Plaquemines Parish v. HHE Energy Company, No. 13-6735 (E.D. La. Apr. 29, 2015)(Feldman, J.); Plaquemines Parish v. Linder Oil Co., No. 13-6706, at 7 (E.D. La. May 15, 2015)(Morgan, J.)(collecting cases).  The defendants' arguments here offer no principled basis to depart from the conclusions reached by this and other Sections of Court. As in these other cases, "[n]one of the activities, including those that

13

involved pipelines that ultimately stretch to the OCS, took place on the OCS . . . . It remains that § 1349 expressly tethers OCSLA jurisdiction to an operation on the OCS, and no Fifth Circuit case *that involved damage resulting from injurious physical acts* has eliminated that requirement." <u>Total</u>, 2014 WL 6750649, at *16 (emphasis in original).  The requirement is patently not satisfied here.  Accordingly, the Court lacks jurisdiction under the OCSLA.

### *C.*
### *Federal Admiralty Jurisdiction*

Finally, the defendants contend that this Court has removal jurisdiction based on maritime jurisdiction alone.  This issue has been extensively and thoroughly considered by virtually every Section of this Court.  This Court has consistently rejected the defendants' argument that the 2011 amendments to the federal removal statute rendered maritime claims independently removable.

In considering this final purported basis for subject matter jurisdiction, the Court need not address the threshold issue of whether or not the prerequisites for maritime jurisdiction are met by Defelice's causes of action.  This Court has held that maritime claims are not independently removable to federal court absent an independent basis for asserting federal jurisdiction.  And defendants offer none here.  In <u>Bisso Marine Co. v. Techcrane Int'l, LLC</u>, No. 14-375, 2014 WL 4489618 (E.D. La. Sept. 10, 2014), this Court considered and rejected the defendants' interpretation of the effect of the 2011 amendments to the general removal

statute.  See also Gregoire v. Enterprise Marine Services, LLC, No. 14-840, 2014 WL 3866589 (E.D. La. Aug. 6, 2014)(Duval, J.)(adhering to the "long-standing rule that general maritime claims require some other non-admiralty source of jurisdiction to be removable."). The defendants do not persuade the Court to alter its analysis;[10] an analysis embraced by every other Section of Court to consider the maritime jurisdiction arguments advanced in nearly identical circumstances.  See Anadarko E&P Onshore, No. 13-6701, p. 14 (Lemelle, J.) (collecting cases); see also Plaquemines Parish v. Linder Oil Co., No. 13-6706, at 7 (E.D. La. May 15, 2015)(Morgan, J.)(collecting cases).  Noting the existence of contrary authority (see, e.g., Ryan v. Hercules Offshore, 945 F. Supp. 2d 772 (S.D. Tex. 2013)(the 2011 amendments to § 1441 allow for removal of maritime claims without an independent basis for federal jurisdiction), the defendants ask in the alternative that the Court

---

[10] The defendants contend that there is no bar to removal because Defelice does not demand a jury trial. Defelice counters that it intends to request a jury trial and the time to do so in state court has not yet passed.  The Court is skeptical that this Court's removal jurisdiction turns on the plaintiff's jury trial request. See, e.g., Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 454-55 (2001)(noting the savings to suitors clause "extends to all means other than proceedings in admiralty which may be employed to enforce the right or to redress the injury involved" and that "[t]rial by jury is an obvious, but not exclusive, example of the remedies available").  Regardless, given that Defelice represents that it will indeed request a jury in state court, the Court will not deprive Defelice of this right.  See Fasterling v. Hilcorp Energy Company, No. 15-629, p. 2 (E.D. La. May 29, 2015)(Barbier, J.)("Because Plaintiffs have informed the Court that they intend to request a jury, and the time to do so has not yet run, Defendants' argument on this subject is rendered moot.").

deny remand and certify this Order and Reasons under 28 U.S.C. § 1292(b) so that the Fifth Circuit can decide whether admiralty claims are now freely removable.   The Court joins Judges Africk, Barbier, and Vance in declining to exercise its discretion to certify this question for interlocutory appeal.   See <u>Plaquemines Parish v. Rozel Operating Co.</u>, No. 13-6722, 2015 WL 403791, at *4 (Africk, J.); <u>Borne v. Chevron U.S.A. Holdings, Inc.</u>, No. 15-631 at p. 12 (E.D. La. May 27, 2015)(Barbier, J.); <u>Jefferson Parish v. Equitable Petroleum Corp.</u>, No. 13-6714, at p. 28 (E.D. La. May 18, 2015)(Vance, C.J.).

Accordingly, for the foregoing reasons, IT IS ORDERED that the motion to remand is hereby GRANTED.   The case is hereby remanded to the Twenty-Fifth Judicial District Court for the Parish of Plaquemines, for lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, June 17, 2015

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE